SHAWN MICHAEL DELANEY, JR. #306-373:

                                           :

                  v.               :   CIVIL ACTION NO. CCB-13-766

WAYNE A. WEBB, et al.              :

                                         :

## MEMORANDUM

Respondents move to dismiss Shawn Michael Delaney, Jr.'s petition for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. 2244(d).[1] (ECF No. 4.) Delaney through counsel has responded, arguing his case should be deemed tolled pursuant to 28 U.S.C. 2244(d)(1)(a) for the entire seven-year period during which Delaney filed and withdrew multiple post-conviction petitions in the state courts. (ECF No. 7.) After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. 2254(e)(2). For reasons set forth herein, the court shall dismiss the petition with prejudice as time-barred.

## Procedural History

On June 13, 2003, Delaney pled guilty in the Circuit Court for Baltimore City to rape (Case No. 101143004), armed robbery (Case Nos. 101143007, 101155053, and 101155055), and theft (Case Nos. 202070062 through 202070064),[2] and was sentenced to a total of 35 years incarceration. (ECF No. 4, Exs. 1-7.) Delaney did not seek leave to appeal the entry of his guilty pleas, and his judgments of conviction became final on July 13, 2003, when the time for

---

[1] Delaney's petition was uncounseled. Thereafter, Attorney Russell A. Neverdon, Sr. entered his appearance and submitted a reply. (ECF No. 7.) Neverdon's motion for extension of time to file the reply (ECF No. 6) shall be granted nunc pro tunc.

[2] Charges were dismissed in Case Nos. 202070065 and 101143005, 101143006, 101143008, 101143009, and 101143010. (ECF No. 4 at 4.)

doing so expired.  *See* Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after entry of judgment or order from which appeal is sought).

On September 30, 2003, Delaney filed a petition for post-conviction relief in the Circuit Court for Baltimore City in all the above-referenced cases.  (ECF No. 4, Exs. 1-7.)  The petition was withdrawn on December 22, 2003.  (*Id.*)  On May 5, 2005, Delaney filed a petition for post-conviction relief in Case No. 101143004, which was withdrawn on December 2, 2005.  (*Id.*)  On January 12, 2007, Delaney filed another petition for post-conviction relief in all the above-referenced cases, which was withdrawn on May 10, 2007.  (*Id.*)

On August 6, 2008, Delaney filed a petition for post-conviction relief in all the above-referenced cases, and the Circuit Court denied relief on August 24, 2010.  (*Id.*)  His application for leave to appeal was summarily denied by the Court of Special Appeals.  The mandate issued on May 16, 2012.  (*Id.*, Ex. 2.)

It is not disputed that within one year of completing state post-conviction review, Delaney filed the instant federal action, dated March 10, 2013.  (ECF No. 1 at 10.)  That diligence, however, does not defeat respondents' argument concerning the one-year limitations period.

A one-year statute of limitations applies to habeas petitions.  28 U.S.C. 2244(d).  The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) on the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).  Here, the period began to run on July 13, 2003.  The statute of limitations was tolled on September 30, 2003, when Delaney's first post-conviction petition was filed.  When the petition was withdrawn on December 22, 2003, 286 days remained in the 365-day limitations period.  Delaney's next petition for post-conviction relief, attacking only one of

his convictions, was not filed until May 5, 2005, more than a year after the limitations period expired. That petition was withdrawn, as was a third petition attacking all convictions and filed more than a year later. An additional fourteen months expired between the withdrawal of the third petition and the filing of the fourth petition, which resulted in a denial of post-conviction relief. The statutory time period was tolled while properly filed post-conviction petitions were pending, but not during the intervals between the filing of these petitions.

To be entitled to equitable tolling, Delaney must establish that either some wrongful conduct by respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 328. Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Delaney from timely completing post-conviction relief. Counsel suggests that "throughout the period starting from on or around June 13, 2003, until on or around August 24, 2010, Petitioner Delaney actively and diligently sought post-conviction relief through the filing of numerous petitions and applications, *pro se*, in the Circuit Court for Baltimore City." ECF No. 7 at 1. No objective reason for the repeated filing and withdrawing of post-conviction petitions is provided. To the extent delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Delaney has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.  For the reasons stated herein, the court will deny and dismiss the petition.  A certificate of appealability will not issue because Delaney has not made a "substantial showing of the denial of a constitutional right."[3] A separate order follows.

| | |
|---|---|
| <u>August 28, 2013</u> | <u>          /s/          </u> |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th  Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Denial of a certificate of appealability in the district court does not preclude Delaney from requesting a certificate of appealability from the appellate court.